UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DOROTHY TOWNSELL** | )<br>)   **Case Number**<br>) |
| **Plaintiff** | )<br>) |
| vs. | )   **CIVIL COMPLAINT**<br>) |
| **NORTHSTAR LOCATION SERVICES, LLC** | )<br>)<br>)   **JURY TRIAL DEMANDED**<br>) |
| **Defendant** | )<br>) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Dorothy Townsell, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Dorothy Townsell, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and relief from Invasion of Privacy by Intrusion Upon Seclusion.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Dorothy Townsell, (hereafter, Plaintiff) is an adult natural person residing at 12424 Fayette Lane, Upper Marlboro, MD 20772.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Northstar Location Services, LLC (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of Maryland and New York, with a primary location at 4285 Genesee Street, Cheektowaga, NY 14225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about August 6, 2014, Plaintiff started to receive constant and continuous calls to her home from Defendant's agent, "Robert Wallens", attempting to collect on an alleged debt said to be owed on past due Barclay's Master Card account.

8. Plaintiff was said to owe a balance of approximately $ 21,662.19.

9. Defendant has left several voicemails for Plaintiff stating that the calls were in regards to an urgent matter.

10. Plaintiff offered to set up monthly payments of between $100.00 & $136.00, explaining that this was all she could afford at this time.

11. "Robert Wallens", informed the Plaintiff that this amount was simply not enough and that Plaintiff would need to come up with a down payment of $8,650.00 before Defendant could discuss monthly payments.

12. Plaintiff told the Defendant that there was no way she could come up with such an amount all at one time.

13. Defendant's agent, "Robert Wallens", became increasingly agitated with the Plaintiff telling her that her offer was just too low and they could not accept it.

14. Defendant continued to call Plaintiff daily looking for a larger payment on this alleged debt.

15. On or about August 12, 2014, despite having spoken with the Plaintiff and having full knowledge of how to reach her, the Defendant's agent, "Robert Wallens", placed a call to Plaintiff's adult daughter's home stating that he was looking for the whereabouts of the Plaintiff on a very urgent matter.

16. Plaintiff contacted "Robert Wallens", to tell him not call her daughter again, but was just further pressured into getting the money for the down payment of $8,650.00.

17. On one such call, "Robert Wallens", became so irate with the Plaintiff for not agreeing to this payment that he transferred her call to his supervisor.

18. A female agent, who identified herself only as a "manager", just continued to harass the Plaintiff by telling her that they could not accept her low offer as a monthly payment and that she had no choice but to come up with the down payment of $8,650.00.

19.     During this same time, agent, "Robert Wallens", attempted to coerce the Plaintiff into taking a loan to at least make the down payment to the Defendant.

20.     The agent continued to harass the Plaintiff by providing the Plaintiff with names and locations of two (2) loan companies in her area for her to try and borrow the money.

21.     On more than one occasion, the Plaintiff was warned that if she failed to make the payment, the Defendant would enforce all other forms of collection.

22.     On or about August 19, 2014, Plaintiff's daughter again received a call from Defendant's agent, "Robert Wallens", looking for the whereabouts of her mother.

23.     On or about August 20, 2014, Plaintiff received two (2) more calls from the Defendant looking for payment.

24.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.     At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27.     At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Locations Services LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Maryland state law.

34. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

35. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

37. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: August 26, 2014**

**BY:** */s/  Brent F. Vullings*
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
bvullings@vullingslaw.com
Attorney for Plaintiff